**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

DEIVIS JOSE SUAREZ MONTILLA,    )
                                )
         Petitioner,            )
                                )
v.                              )          Case No. CIV-26-1109-J
                                )
WARDEN, CIMARRON                )
CORRECTIONAL FACILITY, et al.,  )
                                )
         Respondents.           )

## REPORT AND RECOMMENDATION

Petitioner Deivis Jose Suarez Montilla, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **<u>Background</u>**

Petitioner, a citizen of Venezuela, entered the United States on December 15, 2023, without admission or inspection near Eagle Pass, Texas, and he was encountered by ICE shortly thereafter. Pet. at 1; Doc. 7-1 at 1 (Notice to Appear). Also on December 15, 2023, ICE placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 7-1 at 1. The undersigned presumes Petitioner was released on his own recognizance at some later point. Petitioner alleges since his release he has complied with all requirements imposed by immigration authorities and has not been charged with or convicted of a crime that would render him a danger to the community. Pet. at 1. On December 16, 2024, he filed an Application for Asylum and for Withholding of Removal. Resp. at 1; Doc. 7-3 (Asylum Application).

On May 4, 2026, ICE re-detained Petitioner at a regularly scheduled annual check-in. Pet. at 7. Petitioner alleges he was detained without a warrant and without any notice or opportunity to be heard. *Id.* at 6-7. Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 2. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

2

On July 15, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 31, 2026). However, Petitioner has until August 14, 2026, to appeal the removal order to the Board of Immigration Appeals. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 4. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 31, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his re-detention, after prior release on a valid order of supervision and compliance with all conditions of release, violates the INA and ICE regulations. Pet. at 8-9.

- **Count II: Violation of ICE Regulations and Due Process**. Petitioner alleges the revocation of his release without changed circumstances or notice and opportunity to be heard violates 8 C.F.R. §§ 241.4 and 241.13 and his right to due process. Pet. at 10-13.

- **Count III: Unreasonably Prolonged Detention**. Petitioner alleges his continued detention bears no reasonable relationship to any legitimate purpose, as his removal is not reasonably foreseeable. *Id*. at 13-15.

He asks the Court to "issue a Writ of Habeas Corpus ordering Respondents to release petitioner immediately." *Id*. at 16 (citation modified).

As Respondents point out, Petitioner bases his claims on statutes and regulations that govern the detention of noncitizens with final orders of removal, but Petitioner does

3

not yet have a final order of removal.  Resp. at 1-2.  However, liberally construed, Petitioner is seeking a bond hearing under 8 U.S.C. § 1226(a), a statute governing detention before a final order of removal.  *See* Resp. at 2 ("Nevertheless, because Petitioner is *pro se* and if the Court liberally construes his challenge as asserting that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226 . . ."); *see also* Pet. at 2 (alleging "petitioner's detention without a bond hearing violates the statute and the Constitution"); *id.* at 16 (seeking a declaration that the "revocation of Petitioner's order of supervised release was unlawful without a constitutionally adequate, individualized hearing and in violation of statute and regulations").

### III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### IV.   Analysis[2]

#### A.   Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an

---

[2] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition.  Pet. at 6-7.  Respondents do not dispute Petitioner's assertion.  The undersigned agrees that Petitioner was not required to exhaust before filing the Petition.  *See Soberanes*,

"applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construing Petitioner's claims, he alleges he should be given an individualized bond hearing pursuant to § 1226(a). Pet. at 2, 16. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A). Resp. at 2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens

---

388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

---

[3] This conclusion is also in accord with persuasive authority in the Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ---, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

### B.      The proper remedy is a bond hearing.

Petitioner seeks "a Writ of Habeas Corpus ordering Respondents to release petitioner immediately." Pet. at 16. The undersigned concludes, however, a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

### C.    The Court should decline to address Petitioner's additional claims.

Petitioner also argues his detention violates other immigration statutes,[5] ICE regulations,[6] and his right to due process. Pet. at 8-15. If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's additional claims based on his continued detention. *See, e.g.*, *Coreas*, 2026 WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 7, 2026**. *See id.*

---

[5] To the extent Petitioner alleges Respondents violated 8 U.S.C. § 1231(a)(6), that statute governs detention of noncitizens subject to a final order of removal and beyond the removal period. *Vermenych v. Castro*, No. 26-CV-1098, 2026 WL 1078908, at *2 (D.N.M. Apr. 21, 2026) ("Section 8 of Title 1231 governs detention when a noncitizen is subject to a final order of removal." (citation modified) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021)).

[6] To the extent Petitioner alleges Respondents violated 8 C.F.R. §§ 241.4 and 241.13, those regulations govern detention of noncitizens subject to a final order of removal and beyond the removal period. *See Kumar v. Mullin*, 2026 WL 1139601, at *2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal are governed by 8 C.F.R. §§ 241.4 and 241.13." (citation modified)). Petitioner, though, has a pending appeal with his immigration proceedings and is not yet subject to a final order of removal.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9