**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

DEIVIS JOSE SUAREZ MONTILLA,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. CIV-26-1109-J
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
WARDEN, CIMARRON⠀⠀⠀⠀⠀⠀⠀)
CORRECTIONAL FACILITY, et al.,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Respondents.⠀⠀⠀⠀⠀⠀)

## <u>ORDER</u>

Petitioner Deivis Jose Suarez Montilla, a citizen of Venezuela proceeding pro se, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 9] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely Objection (Obj.) [Doc. No. 10], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Venezuela who entered the United States without inspection in 2023. That same day, Petitioner was placed into removal proceedings and, at some point thereafter, released from custody. In December 2024, Petitioner filed an Application for Asylum and Withholding of Removal. ICE re-detained Petitioner in March 2026 at an annual check-in. In July 2026, an Immigration Judge ordered Petitioner removed, but the Automated Case Information generated by the Executive Office for Immigration Review states a "case appeal was received on

July 28, 2026.  It is currently pending." *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed August 10, 2026).

In their objection, Respondents acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is controlling in this case.  Obj. at 1–2.  In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.[1]

Accordingly, the Report and Recommendation [Doc. No. 9] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period.

Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 10th day of August, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court grants Petitioner relief, it declines to address his remaining claims.

2